IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES D. NIVETTE,

    Petitioner,                    No. CIV S-09-1173 JAM DAD P

    vs.

JOHN MARSHALL, Warden,

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

    /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 2, 2010, the undersigned ordered respondent to file and serve a response to the petition. On May 17, 2010, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition fails to state a cognizable claim for relief and is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion. Respondent has not filed a reply.

**BACKGROUND**

        On August 25, 2003, petitioner pled guilty to second-degree murder with the use of a firearm in the Sacramento County Superior Court. On September 22, 2003, the court entered judgment and sentenced petitioner to eighteen years to life in state prison. Petitioner did not appeal from the judgment of conviction, but he did subsequently file two state habeas petitions

challenging his judgment of conviction.  In this regard, on November 30, 2004, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court which was denied on January 4, 2005.  On July 5, 2005, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was denied on June 14, 2006.

On April 20, 2007, petitioner challenged his conviction in this court.  See Nivette v. Marshall, No. CIV S-07-0759 LKK DAD P.[1]  In that habeas action, the court dismissed petitioner's federal habeas petition, finding that it was time-barred by the AEDPA statute of limitations.  See No. CIV S-07-0759 LKK DAD P, Doc. Nos. 19 & 21.  Petitioner appealed and the Ninth Circuit affirmed the judgment.  See Nivette v. Yates, No 08-16426 (9th Cir. July 2, 2010).  In affirming, the Ninth Circuit held that this court properly rejected petitioner's claim for equitable tolling because he failed to show that any mental disabilities he suffered from constituted an extraordinary circumstance, and he failed to present sufficient evidence to warrant an evidentiary hearing.  Id.

In the habeas petition now pending before the court, petitioner claims that California courts and the California Department of Corrections and Rehabilitation ("CDCR") have improperly applied California Penal Code § 2933.1 to him.  Specifically, petitioner explains that at his sentencing on September 22, 2003, the Sacramento County Superior Court erroneously calculated his credits based on a fifteen percent earning rate.  Similarly, petitioner explains that upon entering CDCR's custody on October 6, 2003, prison officials erroneously assigned him a fifteen percent credits earning rate.  Petitioner argues that he is entitled to earn credits at a thirty-three percent earning rate.  Petitioner alleges that he learned that he "qualified" for credits at a thirty-three percent earning rate on January 15, 2007, and shortly thereafter sought redress through the prison administrative grievance process.  Having not obtained relief, on August 4, 2008, petitioner contends that he filed a petition for writ of habeas corpus with the California

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Supreme Court. On February 18, 2009, the court denied his petition. (Pet. Attach. 1-3 & Exs. A-D, Resp't's Mot. to Dismiss Exs. C-D.)

Under the mailbox rule[2], on April 23, 2009, petitioner commenced this action by filing a federal petition for writ of habeas corpus.

## RESPONDENT'S MOTION TO DISMISS

I. Respondent's Motion

Respondent moves to dismiss the pending petition, arguing that it fails to state a cognizable claim for relief. Specifically, respondent contends that petitioner's claims are based on a misapplication of the California Penal Code and that any alleged violation of state law in calculating a prisoner's time credits is not cognizable in federal habeas corpus proceedings. (Resp't's Mot. to Dismiss at 3-4.)

Respondent also argues that petitioner's claims are time-barred and that his petition should be dismissed. Respondent contends that petitioner knew or should have known of the "factual predicate" of his claims at the time of his sentencing on September 22, 2003, so the one-year statute of limitations for the filing a federal habeas petition began to run the following day, on September 23, 2003, and expired one year later on September 22, 2004. (Resp't's Mot. to Dismiss at 4-5.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations period. However, according to respondent, in this case petitioner did not file his petition for writ of habeas corpus with the California Supreme Court until 2008, long after the statute of limitations for the filing of a federal habeas petition had expired. (Resp't's Mot. to Dismiss at 5.)

/////
/////

---

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988).

II. <u>Petitioner's Opposition</u>

In opposition to respondent's motion to dismiss, petitioner argues that his petition now pending before this court contains valid constitutional claims, including claims under the Ex Post Facto Clause and the Fourteenth Amendment. If the court decides these claims in his favor, petitioner contends, he will be that much closer to receiving a parole hearing date. In addition, petitioner argues that even the California Supreme Court can make errors and that federal oversight is necessary to remedy such errors. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 8-11.)

Petitioner also argues that court should equitably toll the AEDPA statute of limitations for seeking federal habeas relief in this case from November 21, 2003 to April 20, 2007, because of his mental incompetence during this period. In this regard, petitioner contends that he was taking psychotropic drugs prior to, during and after his trial in state court. Petitioner argues that although upon entering the state prison system, he stopped taking the medications, he continued to suffer from their side effects. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3-7, Pet'r's Decl. at 1-12.)

**ANALYSIS**

As an initial matter, respondent is correct in stating that a federal writ is not available for an alleged error in the interpretation or application of state law. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985). A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See <u>Peltier v. Wright</u>, 15 F.3d 860, 861 (9th Cir. 1993); <u>Middleton</u>, 768 F.2d at 1085. Accordingly, to the extent that petitioner claims that there has been a misapplication of state law in calculating his time credits, he has arguably failed to state a cognizable claim for federal habeas relief. See <u>Christian v. Rhode</u>, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws

does not justify federal habeas relief."); Fetterly v. Paskett, 997 F. 1295, 1300 (9th Cir. 1993) (issues involving state sentencing error are not cognizable on federal habeas review).

In any event, even assuming petitioner has stated a cognizable claim for federal habeas relief, his petition should be dismissed because it is time-barred.

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

/////

/////

II. Application of § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the one-year statute of limitations period begins to run once "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In this case, although petitioner alleges that he did not learn that he "qualified" for credits at a thirty-three percent earning rate until January 15, 2007, he acknowledges that the Sacramento County Superior Court applied the fifteen percent earning rate to his sentence on September 22, 2003, and CDCR assigned him the fifteen percent credit earning rate when he entered CDCR custody on October 6, 2003. (Pet. Attach. 1-2.)

For purposes of seeking federal habeas relief, the court finds that the one-year statute of limitations began to run as to these petitioner's current claims no later than October 7, 2003, the day after CDCR assigned him a fifteen percent credit rate, and expired one year later on October 6, 2004, because petitioner was aware by that time, or should have been aware, of any misapplication of § 2933.1 to him. See Souliotes v. Evans, __ F.3d __, ___, 2010 WL 361990 at *4 (9th Cir. Sept. 20, 2010) (§ 2244(d)(1)(D) requires "due" or "reasonable" diligence); Hasan v. Galaza, 254 F.3d 1150, 1154-55 (9th Cir. 2001) (the relevant inquiry under § 2244(d)(1)(D) is when a petitioner knows of a factual basis of a claim or should become aware of the factual basis of a claim through the exercise of due diligence). As noted, petitioner did not file his federal habeas petition until April 23, 2009. Accordingly, petitioner's petition is untimely unless he is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no

case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner filed a petition for writ habeas corpus in the California Supreme Court containing the same claims he now asserts in the federal habeas petition before this court. However, he did not file that petition with the California Supreme Court until August 4, 2008, long after the statute of limitations for the filing of a federal habeas petition had expired. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, petitioner is not entitled to statutory tolling of the AEDPA statute of limitations.

IV. Equitable Tolling

The United States Supreme Court has recently confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). However, "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).[3] See also Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir. 2008); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003). Thus, equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Moreover, the petitioner bears the burden of demonstrating the existence of grounds for equitable tolling. See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th

---

[3] "The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" Holland, 130 S. Ct. at 2565 (citations omitted).

1   Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

2   Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998). See also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling). To this end, "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied[.]" Holland, 130 S. Ct. at 2564. Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case." Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)). See also Holland, 130 S. Ct. at 2565 (leaving "to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail").

In this case, the court rejects petitioner's claim for equitable tolling for the same reasons it rejected his claim of entitlement to equitable tolling in Nivette v. Marshall, No. CIV S-07-0759 LKK DAD P. Specifically, even if petitioner had been pursuing his rights diligently, he has not demonstrated that some extraordinary circumstance stood in his way of filing a timely federal habeas petition. As in his previous habeas action filed with this court, petitioner argues that he suffered from mental incompetence and, as a result, could not timely file his federal petition. Here, he seeks equitable tolling of the statute of limitations for over three years, from November 21, 2003 to April 20, 2007. To be sure, a mental illness can represent an extraordinary circumstance entitling a petitioner to the equitable tolling of the AEDPA statute of limitations. See Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003); Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir 1998) (en banc) (A "putative habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control," and therefore "mental incompetency justifies

8

1   equitable tolling."). However, not every alleged mental illness automatically serves to toll the
2   AEDPA statute of limitations or warrants the granting of an evidentiary hearing.
3           Once more, petitioner's allegation of mental incompetence is belied by the record
4   before this court. Specifically, petitioner's conduct and court filings related to his criminal
5   conviction before, during, and after the AEDPA statute of limitations period reflect that
6   petitioner's thought process was coherent and rational. For example, on October 22, 2003,
7   petitioner sent a letter to Sacramento County Superior Court Judge Bakarich in which he sought
8   to void his plea bargain. On December 10, 2003, petitioner sent a second letter to Judge
9   Bakarich in which he again sought to challenge his plea bargain. In this lengthy letter, petitioner
10  raised legal challenges to his conviction and explained in chronological order the events that
11  occurred during his criminal proceedings. He also requested appointment of counsel. On
12  December 12, 2003, petitioner filed a motion for an extension of time to file a notice of appeal,
13  together with a notice of appeal and another request for appointment of counsel. Petitioner also
14  continued to correspond with his trial counsel during this time. See Nivette v. Marshall, No. CIV
15  S-07-0759 LKK DAD P (Lodged Doc. 1, Exs. A-D.) Subsequently, on November 30, 2004,
16  petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court
17  challenging his conviction. Id. (Lodged Doc. 2.) Then, on July 5, 2005, petitioner filed a
18  petition for writ of habeas corpus in the California Supreme Court, once again challenging his
19  conviction. Id. (Lodged Doc. 4.) Finally, on April 20, 2007, petitioner filed a 123-page federal
20  petition for writ of habeas corpus in this court. Id.
21          Petitioner's own conduct in this regard contradicts his current claim that his
22  mental incompetence rendered him incapable of timely filing the instant federal habeas petition.
23  See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (finding no clear error that
24  petitioner was not entitled to equitable tolling based on physical and mental disabilities since he
25  prepared and filed a state habeas petition while suffering from the same alleged disabilities),
26  modified on other grounds by 447 F.3d 1165 (9th Cir. 2006); see also Meadows v. Jacquez, No

05-56187, 2007 WL 1852527 at *2 (9th Cir. June 26, 2007)[4] (rejecting claim for equitable tolling based on alleged mental illness because petitioner's "ability to file mandamus petitions [in state court] demonstrates that Meadows was mentally capable of preparing and filing a federal habeas petition during this period"); Manago v. Walker, No. CIV S-08-2857 GEB DAD, 2009 WL 3710676 at *7 (E.D. Cal. Nov. 3, 2009) (rejecting claim for equitable tolling based on alleged mental illness in light of petitioner's numerous filings in federal court during the running of the AEDPA statute of limitations period); Morgan v. Mitchell, No. C 07-6477 CRB (PR), 2008 WL 5234253 at *4 (N.D. Cal. Dec. 15, 2008) (rejecting claim for equitable tolling based on alleged mental illness because petitioner was able to file a habeas petition in state court and several other petitions and motions in state court during the running of the statute of limitations period); Terry v. Wong, Civil No. 06cv1669 BTM (BML), 2007 WL 2601434 at *11 (S.D. Cal. Sept. 6, 2007) (rejecting claim for equitable tolling based on alleged mental illness because petitioner was able to file a habeas petition in state court thirty-two days into the AEDPA limitations period and monitor the status of his filing by sending correspondence to his appellate counsel and seeking assistance from his "jailhouse lawyer" after months had passed without a court ruling). Accordingly, petitioner is not entitled to equitable tolling of the AEDPA statute of limitations in this case.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 17, 2010 motion to dismiss (Doc. No. 15) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

---

[4] Citation to this unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 25, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
nive1173.157